IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**TERRENCE L. DAVIS**                                                                                     **PLAINTIFF**

v.                                    Civil No.: 4:10-cv-04119

**CORRECTIONAL HEALTH CARE CO.**                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Terrence L. Davis, an inmate of the Grimes Unit of the Arkansas Department of Correction in Newport, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 36. This case is before the undersigned for consideration of Defendant's Motion for Summary Judgment, ECF No. 40, on consent of the parties. ECF No. 14.

**I.    Background**

As this case is before the Court on Defendant's Motion for Summary Judgment, the Court will recite the facts as pled by the non-moving party, the Plaintiff. Upon inquiry from the Court as to whether Plaintiff would prefer the assistance of the Court in responding to the Motion for Summary Judgment, or if he would respond on his own, Plaintiff requested the assistance of the Court. ECF No. 44. The Court propounded to Plaintiff a questionnaire to serve as his response to the Motion for Summary Judgment. ECF No. 50, 53.

Plaintiff brought this action against the Defendant, Correctional Health Care Co.[1], a private corporation that has contractually agreed to provide medical services to inmates of the Miller County Detention Center. Plaintiff alleges the Defendant was negligent in failing to monitor its employees, and had an unconstitutional policy of under staffing at the Miller County facility. ECF No. 36. Specifically, Plaintiff alleges that on June 11, 2010, he had a medical emergency wherein his blood pressure was dangerously high, and his "eyes felt like they were being pulled to the back of [his] head." ECF No. 53. This emergency arose

---

[1] Plaintiff's Original Complaint, filed on August 20, 2010, named two separate defendants in addition to Correctional Health Care Co. – Ron Stovall, and Carmalita Williams. ECF No. 1. However, in his Amended Complaint, Plaintiff only named Correctional Health Care Co. as a Defendant to this action, and Stovall and Williams were terminated as parties to this case at that time. *Id.*

at 10:15 p.m. *Id.* Plaintiff alleges he was not transported to a hospital for thirty-five minutes, or until 10:50 p.m. *Id.* Plaintiff further alleges he suffered a stroke during this medical emergency. *Id.*

The policy of the Miller County Detention Center is to have the medical unit physically staffed from 6:00 a.m. until 10:00 p.m. ECF No. 53. After 10:00 p.m., a nurse remains "on call" as needed. *Id.* Plaintiff further alleges Miller County had a policy that allowed for only a Licensed Practical Nurse ("LPN") or Registered Nurse ("RN") to be staffed during the night shift and that a LPN or RN does not "have the knowledge, competence to examine prisoners and diagnose serious medical needs also [sic] respond to emergencies." *Id.* at 6. Furthermore, the policy allowed for staff to respond to tasks beyond their training and without adequate supervision, and allowed for the "staff" to have a "stage of procedures" before inmates could be transferred to the hospital. *Id.* Plaintiff provided no further information or description of the "stage of procedures" he alleges were required, nor does he provide any information on what knowledge the LPN or RN medical staff was lacking in order to properly diagnose inmates and/or emergency situations. Furthermore, Plaintiff provides no information regarding the training of the nurses, or how it was inadequate in relation to the tasks they were asked to perform.

**II.    Applicable Law**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III.    Discussion**

There is no *respondeat superior* liability in § 1983 actions. *See Burke v. North Dakota Dept. of*

*Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). Correctional Health Care Company can be held liable only if, "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–976 (8th Cir. 1993) (holding that corporations such as Defendant can be held liable only if they act under color of state law, and if their policies, customs, or the actions of their policymakers cause injury that can be redressed under § 1983). A "policy" is "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Plaintiff in this case has alleged that there were the following unconstitutional policies or practices by Defendant: under staffing medical providers, allowing medical staff who were not trained to diagnose serious medical needs or respond to emergencies, allowing staff to respond to tasks beyond their training and without supervision, and allowing procedures to be performed before transferring inmates to the hospital.

  Plaintiff has brought what is essentially a delay of medical care claim, stating that he was delayed thirty-five minutes from the onset of a medical emergency until he was transported to the hospital. While the evidence establishes that Plaintiff suffered high blood pressure, and possibly a stroke, there is no evidence Plaintiff suffered any detrimental effects due to the thirty-five minute delay from the onset of his medical emergency until he was transported to the hospital. In other words, there is no medical evidence provided to the Court that Plaintiff's stroke symptoms, high blood pressure, or other emergent needs could have been alleviated by an immediate transfer to the hospital, or that the delay caused the harm from his medical emergency to be greater than if he had been immediately transported. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (holding that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental

effect of delay in medical treatment to succeed."); overruled on other grounds by *Hope v. Pelzer*, 536 U.S. 730, 739 n. 9 (2002)); *see also Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006) (any failure by prison officials to ensure that bipolar prisoner's medications were promptly transferred with him to solitary confinement did not constitute deliberate indifference to his serious medical needs in violation of Eighth Amendment, absent showing by prisoner that he suffered harm as result).

Moreover, there is no connection by Plaintiff as to how the alleged under staffing of medical providers, allowing medical staff who were not trained to diagnose serious medical needs or respond to emergencies, allowing staff to respond to tasks beyond their training and without supervision, and allowing procedures to be performed before transferring inmates to the hospital, caused him harm or caused him to suffer additional harm. Plaintiff has not alleged a "widespread pattern of unconstitutional conduct;" nor has he alleged that Defendant was notified of any unconstitutional conduct and failed to act. Accordingly, Plaintiff's claims fail as a matter of law.

### IV. Conclusion

Accordingly, for the forgoing reasons, the Motion for Summary Judgment, ECF No. 40, is **GRANTED** in its entirety and the Amended Complaint, ECF No. 36, is **DISMISSED** with prejudice. A Judgment consistent with this Order will be entered.

**IT IS FURTHER ORDERED** that the Bench Trial scheduled for November 7, 2011, is **hereby CANCELLED**.

**IT IS SO ORDERED** this **3rd day of November 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE